**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

WILLIAM DOUKAS, *et al.*,         *

        Plaintiffs,        *

v.

                            *        Civil Action No. AW-05-2672

MONTGOMERY COUNTY PUBLIC    *
SCHOOLS,

        Defendant.          *
                            * * * * *

## MEMORANDUM OPINION

Plaintiffs Zachary Doukas and his parents bring this suit pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 (2006) ("IDEA") to appeal the June 13, 2005 decision of an administrative law judge ("ALJ"). Currently pending before the Court is Plaintiffs' Motion to Present Additional Evidence [13].

The IDEA and its accompanying regulations, 34 C.F.R. pt. 300, require all states that receive federal funds for education to provide children with disabilities, between the ages of three and twenty-one, a free appropriate public education or a FAPE by creating a series of procedural safeguards "designed to ensure that the parents or guardian of a child with a disability are both notified of decisions affecting their child and given an opportunity to object to those decisions." *MM ex rel. DM v. Sch. Dist. of Greenville County,* 303 F.3d 523, 527 (4th Cir. 2002) (internal quotation marks and citation omitted); *see also* 20 U.S.C. § 1415. These provisions of the IDEA give parents the right to request a due process hearing conducted by the state or local educational agency to challenge the identification, evaluation, or educational placement of a child. 20 U.S.C. § 1415(b) & (f). Maryland has enacted laws to enforce the provisions of the IDEA, and, in Maryland, the Office of Administrative Hearings conducts IDEA due process hearings. Md. Code

Ann., Educ. § 8-413 (West 2005); Md. Code Regs. 13A.05.01.15(c)(1). Any party can appeal the administrative ruling to federal or state court. 20 U.S.C. § 1415(i)(2); Md. Code Ann., Educ. § 8-413(h).

The IDEA and its implementing regulations provide that a court "shall hear additional evidence at the request of a party" when reviewing an IDEA appeal. 20 U.S.C. § 1415(i)(2)(C)(ii); 34 C.F.R. § 300.512(b)(2). Although the statute and regulations create a right to present additional evidence, the Fourth Circuit has construed these provisions narrowly and has clarified that a district court should exclude any testimony from a witness who "did, or could have, testified before the administrative hearing" in many cases. *See Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1997) (citing *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)) (internal quotation marks omitted).

Plaintiffs have averred that they wish to present evidence that was developed subsequent to the due process hearing in response to the hearing officer's finding regarding notice, rather than previously available testimony. At least one court has held, based on similar facts, that *Springer* would not bar this type of evidence because it specifically relates to the issue on appeal. *Kirby v. Cabell County Bd. of Educ.*, 2005 WL 3411772 (S.D. W. Va.). Plaintiffs represent that their evidence concerns the notice requirement of intent to unilaterally place Zachary and whether the school district had the opportunity to propose its placement. Although Defendant urges this Court to deny Plaintiffs' "application for a Carte Blanche card allowing them to retry the case presented before the [ALJ]," it appears that Plaintiffs only want to present supplemental evidence on the narrow issue of notice.

For this reason, the Court will grant Plaintiffs' Motion.  A separate order will follow.


Date: <u>August 3, 2006</u>                                   <u>      /s/                              </u>
                                                            Alexander Williams, Jr.
                                                            United States District Judge